

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

LEAH S. SCHMELZER
*Senior Counsel*
*Labor & Employment*
*Phone: (212) 356-2016*
*Fax: (212) 356-788-3770*
*E-mail: lschmelz@law.nyc.gov*

February 19, 2014

**BY ECF**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>Lovejoy v. New York City Department of Education, et al.</u>
           Case Number: 10 CV 05748 (JBW (JMA)

Dear Judge Weinstein:

    Defendants' write pursuant to the Court's request at the pre-trial conference on March 18, 2014, to submit case-law and authority with regard to Plaintiff's statutes and theories he relies upon for the upcoming trial.

    It is well settled that a plaintiff seeking to assert claims against a municipality under 42 U.S.C. §1981 must show that the claimed violation of his/her constitutional rights was the result of a municipal policy or custom under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). <u>See</u> <u>Carmody v. Vill. of Rockville Centre</u>, 661 F. Supp. 2d 299, 330 (E.D.N.Y. 2009). <u>See also</u> <u>Hargett v. N.Y. City Transit Auth.</u>, 640 F. Supp. 2d 450 (S.D.N.Y. 2009) ("a § 1981 plaintiff suing a municipal entity must 'prove that the violation was committed pursuant to a 'policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer.'" (internal citations omitted). The <u>Harget</u> court further explained:

> [t]here is no § 1981 liability against a municipality on a theory of *respondeat superior*…[r]ather, it must be shown that the official action was taken pursuant to a policy of the municipality. 'Absent a showing of a causal link between an official policy or custom and the plaintiffs' injury, [Jett] prohibits a finding of liability against the [municipal

>entity].' Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). Id.

Therefore, Plaintiff's 42 U.S.C. §1981 claim against the municipal entity, the New York City Department of Education (hereinafter "DOE"), should be dismissed.

In light of the Court's prior rulings and the above, Defendants submit that the only claims that remain to be tried at the upcoming trial are the 42 U.S.C. §1981 and 42 U.S.C. §1983 race and age based claims against individual Defendant, Elif Gure-Perez. As such, Defendants respectfully request that all claims against Defendant DOE be dismissed and the caption amended accordingly.

Respectfully submitted,

/s/

Leah S. Schmelzer
Assistant Corporation Counsel

CC: K.C. Okoli
Attorney for Plaintiff
**(VIA ECF)**